UNITED STATES v. EASSON.

*'District Court, S. D. New York.   June 22, 1888.)*

1. POST-ROUTES—LETTER EXPRESS—SECTION 3982, REV. ST.—REGULAR TRIPS.
    The streets of New York city being post-routes, section 3982 of the Revised Statutes imposes a penalty upon persons making provision by express or otherwise for a delivery of letters by regular trips or at stated periods.

2. SAME—CASE STATED.
    The defendant, the proprietor of Hussey's Express, maintained a corps of messengers employed to collect letters daily from the offices of his customers, prepaid by private stamps sold beforehand for that purpose, to take the letters as collected to his central office, there sort over all letters received, make them up into packages, and dispatch them by messengers from once to thrice daily. *Held*, such deliveries were not by "messenger employed for the particular occasion only," but were deliveries "by regular trips, and at stated periods," within the meaning of the statute, for which the defendant was liable to the statutory penalty.

Action for Penalty under section 3982, Rev. St.

*Elihu Root*, U. S. Dist. Atty., for the United States.

*Rastus S. Ransom*, for defendant.

Before Hon. ADDISON BROWN, J., and a jury.

Upon plaintiff's motion to direct a verdict, the court said:

It has been recently decided in the circuit court of this district that the streets of this city are "post-routes" within the meaning of section 3982 of the Revised Statutes. *Blackham* v. *Gresham*, 16 FED. REP. 609. In my judgment the words of section 3982, "by regular trips or at stated periods," apply to and qualify the first clause of that section, as well as the second. The meaning is that "no person shall establish any private express for the conveyance of letters or packets by regular trips or at stated periods, or in any other manner make provision for such conveyance by regular trips or at stated periods."

There is no doubt, upon the evidence, that the defendant has established or made provision for the conveyance of letters or packets. It is also a private express, in the sense of the statute, because it is owned and managed by a private person for his private benefit or profit, and not as a branch of the public service or under government control. The only question remaining, therefore, is whether this express is for the conveyance of letters or packets "by regular trips or at stated periods." Upon this point the question is, "What was the mode of doing this business?" Was it a part of the design, and was it the practice, to deliver letters by regular trips or at stated periods? Section 3992 throws some light on the interpretation and meaning of section 3982 by the exception which it makes, viz., excepting the conveyance of letters by "special messenger employed for the particular occasion only,"

If the only mode of doing this business—the only mode of sending these letters by the defendant—was through special messengers employed for the particular occasion only, then the verdict should be for the defendant. But the messengers in this case were not employed by Mr. Easson for the particular occasion only, *i. e.*, a special employment to carry each letter, but for daily service as a regular business. The different modes of doing business which the statute contemplates, are clearly shown in the evidence of the witness Van Zandt, *i. e.*, "He summoned a messenger from the American District Company, and sent the messenger on his own particular errand." That is an example of the conveyance of letters by "special messenger employed for the particular occasion only." The collection of letters in a central office and the delivery of them through carriers employed for the purpose, in the manner shown in this case, where the understanding of customers is, and the business is so designed and arranged, that such deliveries shall be made daily over the streets of the city wherever such letters are directed, constitutes a business for a delivery by regular trips and at stated periods. There is no controversy here as to the facts which belong to that branch of the defendant's business.

For the evidence in this case shows, without contradiction, that a part of the defendant's business was to employ a corps of messengers for the purpose of going about the city to the stores and offices of all his customers, collecting letters daily, generally two or three times a day, for delivery anywhere between the battery and Harlem; that stamps similar to postage stamps were furnished and sold to such customers beforehand, which, on being affixed to the letters, entitled them to delivery by the defendant according to the course of his business; that the course of his business was to bring all letters thus collected to the defendant's office, then sort them out into packages, making up convenient routes for delivery, and then dispatching them by messengers sent out for that purpose. These messengers usually made three collections and deliveries daily. Several thousand letters were

usually thus collected and delivered every day. No one messenger went on the errand of any particular person, but he took on his route all the letters of all the persons whose letters had been brought to the central office, which on distribution were going to a particular portion of the city. From 20 to 40 messengers were thus in constant employment. To constitute regularity it is not essential that the minute or hour of the departures of the messengers should be always the same. Provision for a delivery daily, once, twice, or thrice, as the case may be, over the streets of the city, wherever wanted, is a provision for a delivery by regular trips and at stated periods; and as the branch of the defendant's business above described is plainly not within the exception of the statute, *i. e.*, is not a conveyance of letters "by special messenger for the particular occasion only," upon the view of the law entertained by the court, there is no material question of fact in dispute to submit to the jury, and a verdict must be directed for the government. See *Retzer* v. *Wood*, 3 Sup. Ct. Rep. 164, U. S. Sup. Ct. Nov. 12, 1883.